No. 90-029

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

A. DEAN BOHNSACK and DEBRA STETLER
BOHNSACK, husband and wife,

     Plaintiffs, Appellants and Respondents,

  -vs-

HI-NOON PETROLEUM, INC., a Montana
corporation, and MARJEAN CHARLES,

     Defendants, Appellants, and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          William L. Crowley, Boone, Karlberg & Haddon,
          Missoula, Montana

     For Respondent:

          Brian J. Smith, Milodragovich, Dale & Dye, Missoula,
          Montana
          Milton Datsopoulos, Datsopoulos, MacDonald & Lind,
          Missoula, Montana

Submitted on Briefs: April 12, 1990

Decided: May 30, 1990

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Hi-Noon Petroleum, Inc. (Hi-Noon) appeals from an order of the District Court of the Fourth Judicial District, Missoula County. The District Court granted Hi-Noon's motion for summary judgment, although it declined to award Hi-Noon its attorney's fees and costs. Plaintiffs below, Dean and Debra Bohnsack (Bohnsacks) filed a notice of appeal based on the District Court's denial of their motion for summary judgment. At the outset, we note counsel for the Bohnsacks improperly filed a notice of appeal rather than a cross-appeal. We will, however, treat Bohnsacks' appeal as a cross-appeal. We affirm in part and reverse and remand in part.

Bohnsacks entered into a sub-lease and gasoline purchase agreement with Hi-Noon on October 1, 1986. Bohnsacks sub-leased a gasoline station located on Brooks Avenue in Missoula and agreed to purchase gasoline, diesel fuel and oil from Hi-Noon. The contract provided that "payment for gasoline and diesel shall be net 7 days from date of delivery." The parties further agreed that Bohnsacks would not sell, assign or otherwise convey their interest absent Hi-Noon's consent. In an assignment executed in April, 1987, Bohnsacks transferred their interest to Marjean Charles (Charles). Hi-Noon consented to the assignment, but, specifically did not release Bohnsacks from their obligation under the sub-lease and gasoline agreement.

Hi-Noon made deliveries of gasoline and diesel to Charles for which she failed to pay within the seven day period provided by contract. Bohnsacks allege, and Hi-Noon appears to agree, that Hi-

2

Noon continued to deliver gasoline and diesel to Charles after she failed to pay for delivered loads within the required time period. Charles ceased operations in March of 1988, and at that time owed Hi-Noon approximately $23,729 for gasoline, diesel and oil delivered to the station. Hi-Noon demanded payment on this account from Bohnsacks and refused to consent to their second assignment of the sub-lease and gasoline agreement to Ronald Malensek (Malensek) until Bohnsacks made payment arrangements.

Malensek gave Bohnsacks a $20,000 promissory note bearing 11% interest and payable in installments of $485.26 per month as partial consideration for the assignment. Bohnsacks assigned both the note and the payments to Hi-Noon. The assignment, release and indemnity agreement executed by Hi-Noon, Bohnsacks and Malensek on March 31, 1988, provided as follows:

> In consideration of the foregoing assignment, Hi-Noon releases Bohnsack from any liability owing to Hi-Noon from Robert or Margean (sic) Charles and any other contractural (sic) liability to be performed by Bohnsack under the Asset Purchase Agreement between Bohnsack and Malensek.

Bohnsacks filed suit against Hi-Noon and Charles on August 16, 1988. Bohnsacks asserted in their complaint that Hi-Noon waived its recourse against them for payment of Charles' debt by failing to notify Bohnsacks of Charles' delinquency and by continuing to make deliveries after Charles did not pay promptly. Hi-Noon moved for summary judgment claiming the assignment, release and indemnity evidenced an accord and satisfaction between it and Bohnsacks. Bohnsacks also moved for summary judgment. After hearing on the

3

parties' respective motions for summary judgment on March 24, 1989, the District Court entered its opinion and order on May 15, 1989, holding there was an accord and satisfaction between Hi-Noon and Bohnsacks.

Hi-Noon moved to amend the court's order to permit it to collect attorney's fees and for certification pursuant to Rule 54(b), M.R.Civ.P. In an order dated July 17, 1989, the District Court denied both motions. Bohnsacks then moved for summary judgment against Charles. The District Court on October 31, 1989, ordered that those proceedings be stayed pending the outcome of Charles' bankruptcy case. Hi-Noon renewed its motion for certification and the District Court subsequently ordered certification and entered its final judgment. This appeal followed.

The facts of this case are not in dispute, therefore the District Court properly granted summary judgment. Benson v. Pyfer (Mont. 1989), 783 P.2d 923, 924, 46 St.Rep 2033, 2035. Prior to Bohnsacks' assignment of their sub-lease to Malensek, they entered into an assignment, release and indemnity agreement whereby Bohnsacks assigned to Hi-Noon payments due them on a $20,000 promissory note in satisfaction of the $23,729 debt owed by Charles to Hi-Noon for which Bohnsacks acted as guarantor. Bohnsacks argue they did not release their claims against Hi-Noon for wrongfully delivering gasoline to Charles despite Charles' failure to pay for loads previously delivered.

Bohnsacks' argument is circular: Bohnsacks agreed to assign

4

the $20,000 promissory note to Hi-Noon as payment for amounts owed Hi-Noon for gasoline delivered to Charles. Now Bohnsacks contend they may proceed against Hi-Noon for increasing Bohnsacks' exposure to liability under their assignment to Charles by delivering gasoline and not demanding payment. Hi-Noon's failure to terminate delivery or notify Bohnsacks would be a defense to Hi-Noon's claim against Bohnsacks.

Section 28-1-1401, MCA, defines an accord as:

> [A]n agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled.

Furthermore, "[a]cceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." Section 28-1-1402, MCA. Hi-Noon accepted $20,000 in settlement of a $23,729 debt. Clearly, Hi-Noon agreed to accept less than that to which it was entitled in extinction of Bohnsacks' debt. Once Hi-Noon accepted payment, the debt was extinguished by accord and satisfaction. The District Court properly found Bohnsacks' claims barred by accord and satisfaction.

Section 28-3-704, MCA, provides as follows:

> Whenever, by virtue of the provisions of any contract or obligation in the nature of a contract . . . one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees and the prevailing party in any such action, whether by virtue of the express contractual

5

> right or by virtue of this section, shall be entitled to recover his reasonable attorney fees from the losing party or parties.

The Assignment, Release and Indemnity Agreement executed by the Bohnsacks and Hi-Noon contains the substance of the parties' accord and satisfaction and specifically provides for an award of attorney's fees to the prevailing party in the event of litigation. In light of that contractual agreement, the District Court erred in denying Hi-Noon recovery of its attorney's fees. We reverse and remand for an award of reasonable attorney's fees to Hi-Noon.

Affirmed in part, reversed in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6