No.   90-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

HELEN FELLOWS,

Plaintiff and Appellant,

-v-

SEARS, ROEBUCK AND CO., and
CLARK MOORE,

Defendants and Respondents.

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

W.M. Hennessey; Hennessey and Joyce; Butte, Montana
Patrick McGee; Butte, Montana

For Respondents:

Chris D. Tweeten; Hughes, Kellner, Sullivan & Alke;
Helena, Montana

Submitted on Briefs:   June 7, 1990

Decided: July 17, 1990

Filed:

_____

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Helen Fellows appeals from an order of the District Court of the Second Judicial District, Silver Bow County, granting respondents' motion for summary judgment. We affirm.

Appellant began working as a store clerk for respondent Sears, Roebuck and Co. ("Sears") in April, 1975. Appellant belonged to a collective bargaining unit represented by the United Food and Commercial Worker's Union. In May 1984, at the request of management, appellant transferred to a service clerk position also subject to a collective bargaining agreement. The Butte Teamster's Union was the sole bargaining agent for the service clerks. Appellant maintains that respondent store manager Clark Moore ("Moore") assured her that the transfer would not affect her seniority and that she could transfer back to her former position at any time. Appellant was laid off for one year beginning in September or October, 1987. Her employment was terminated in October, 1988. Appellant requested that she be transferred back to her former position. Moore denied this request.

Appellant filed suit in State court alleging respondents had created a reasonable expectation of job security and that respondents acted maliciously, wrongfully and capriciously in discharging her. Appellant further contended respondents violated Sear's personnel policy, the implied covenant of good faith and fair dealing and public policy by refusing to transfer her. Respondents removed the case to the United States District Court, for the District of Montana, Butte Division. That court granted

2

appellant's motion to remand to State court concluding that "[t]he validity of any preemption defense . . . [is] properly addressed in the first instance by the state court." Following removal, the District Court granted respondents' motion for summary judgment, concluding:

> [T]here is no question of fact that Plaintiff was a service clerk at the time of her layoff in 198[7] and her discharge in 1988, and that therefore she was a member of the bargaining unit represented by the Teamsters' Union under a collective bargaining agreement with Defendant SEARS, ROEBUCK AND CO. whether she paid union fees or not; that there is no question that Federal law, Sec. 301 of the Labor Management Relations Act, 29 USC 185 (a), preempts any cause of action under State law where the claim arises out of or involves interpretation of a collective bargaining agreement negotiated pursuant to Federal law; that the complaint does not state facts showing a specified violation of public policy; and further that the amended complaint does not state a cause of action under the Wrongful Discharge From Employment Act, Title 39, Chapter 2, Part 9, MCA, on which relief can be granted.

Appellant maintains the District Court erred in finding her State law claims preempted by Federal law pursuant to Section 301 of the Labor Management Relations Act of 1947 codified at 29 U.S.C. § 185(a). Appellant asserts her oral agreement with management was actionable under State law and not grievable in accordance with the grievance process provided for in the collective bargaining agreement.

Summary judgment is properly rendered in the absence of genuine issues of material fact. Bohnsack v. Hi-Noon Petroleum, Inc. (Mont. 1990), ___ P.2d ___, ___, 47 St.Rep. 1125, 1127. Neither party disputes the propriety of summary judgment in the instant case.

Section 301 of the Labor Management Relations Act of 1947, codified at 29 U.S.C. § 185(a), provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

This section generally preempts State law claims when such are based on a collective bargaining agreement or require interpretation of a collective bargaining agreement. Brinkman v. State (1986), 224 Mont. 238, 246, 729 P.2d 1301, 1307. Thus the issue becomes whether appellant's allegations constitute a breach of the collective bargaining agreement or mandate an interpretation of the agreement.

In Brinkman we recognized that an aggrieved employee must at least attempt to utilize the grievance process provided for in the collective bargaining agreement. Brinkman, 729 P.2d at 1305.

> Only in those cases where it is certain that the arbitration clause contained in a collective bargaining agreement is not susceptible to an interpretation that covers the dispute is an employee entitled to sidestep the provisions of the collective bargaining agreement.

Small v. McRae (1982), 200 Mont. 497, 504, 651 P.2d 982, 986. In the instant case, appellant made no effort to avail herself of the remedies provided by the collective bargaining agreement.

Furthermore, the Ninth Circuit has repeatedly held that an agreement extraneous to the collective bargaining agreement is enforceable only so far as consistent with the collective bargaining agreement. Young v. Anthony's Fish Grottos, Inc. (9th

4

Cir. 1987), 830 F.2d 993, 997; Bale v. General Telephone Co. of California (9th Cir. 1986), 795 F.2d 775, 779; Olguin v. Inspiration Consolidated Copper Co. (9th Cir. 1984), 740 F.2d 1468, 1474. The alleged oral agreement between the parties concerned the seniority of appellant and the employer's rehiring practices. Both are covered by the collective bargaining agreement.

Article VII provides in pertinent part:

Section 1.
The Employer and the Union agree that there shall be three (3) separate seniority lists. One (1) for the service technicians; one (1) for delivery drivers and helpers; and one (1) for the service clerical employees.

Section 2.
Employees shall be probationary employees for the first sixty (60) days of employment during which time they shall not acquire seniority and may be released at the discretion of the Company without recourse to the grievance procedure. The aforementioned sixty (60) day probationary period may be extended by mutual consent of the Company and the Union. Thereafter, employees shall accrue seniority on their respective list dating from the date of their employment. Seniority shall be applicable only to layoffs attending a reduction in force within each list and shall not impair the right of the Employer to discharge for just cause. On layoffs in any of the seniority lists, the last person hired on that list shall be the first person laid off, provided however, in case of reduction in work force in the service department, a senior employee vulnerable for layoff must be able to perform the available work to prevent being laid off. On rehiring, the last person laid off on that seniority list shall be the first rehired on that list.

Section 3.
When seniority shall terminate after one (1) year in the event of a layoff. Seniority shall terminate immediately upon voluntary severance by the employee, by discharge for just cause, and by failure to report after recall as provided in Section 5 below.

Section 4.
When employment has been suspended by reason of illness or leave of absence for a period of ninety (90) days, the Employer and Union will mutually adjust the continuation

5

of an employee's seniority rights.

Section 5.
Recall after layoff shall be achieved by telegram or by registered certified mail directed to the employee's last known address. Employee must report for work within seventy-two (72) hours after dispatch or mailing of such notice or lose their seniority.

Clearly, the extent to which appellant's alleged oral agreement with Sears and Moore is consistent with the collective bargaining agreement requires an interpretation of the above-referenced sections of that agreement. For that reason, the District Court properly concluded appellant's State law claims were preempted by Federal law.

Affirmed.

_____
                        Justice

We concur:

_____

_____

_____

_____
                        Justices

6