CHOVANAK, Appellant, v. MATTHEWS et al., Respondents.

No. 8742

Submitted December 26, 1947. Decided January 14, 1948.

188 Pac. (2d) 582

Mr. H. C. Hall and Mr. Edward C. Alexander, both of Great Falls, for appellant.

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. H. O. Vralsted, Atty. State Bd. of Equalization, of Helena, for respondent.

Mr. Paul T. Keller and Messrs. Loble & Loble, both of Helena, Mr. Cedor B. Aronow, of Shelby, Mr. T. H. Burke and Mr. R. F. Hibbs, both of Billings, Mr. Robert T. Merrill, of

Great Falls, Messrs. Walchli & Korn, of Kalispell, Mr. Louis
P. Donovan, of Shelby, Mr. J. H. McAlear, of Red Lodge, Mr.
David R. Domke, of Great Falls, Mr. Jess L. Angstman, of
Havre, Mr. Ed P. Conwell, of Red Lodge, and Mr. T. B. Weir
and Mr. Myles J. Thomas, both of Helena, amici curiae.

MR. JUSTICE GIBSON delivered the opinion of the Court.

This action was brought by the appellant in the district
court of Lewis and Clark county for the purpose of obtaining
the judgment of that court declaring Chapter 142 of the Mon-
tana Session Laws of 1945 unconstitutional and void. The
respondents, as members of the state board of equalization,
were made defendants in the action.

Said Chapter 142 is the law enacted by the legislative as-
sembly of Montana in 1945 providing for the licensing by the
state of slot machines owned and operated by "religious or-
ganizations, fraternal organizations, charitable, or nonprofit
organizations," and for the optional imposition by cities, towns
and counties of the state, of licenses for the operation of slot
machines by the said named organizations within the limits
of the counties and municipalities exercising the option or
privilege, granted to them by the Act, of making such levies.

The respondents, asserting that the appellant does not have
the legal capacity to bring the action, in that the statute does
not affect him in any of his legal rights, challenged the amend-
ed complaint by general demurrer. The court held that the
complaint did not state facts sufficient to constitute a cause
of action, sustained the demurrer and dismissed the action.
From this judgment the appeal is taken.

It appears that the only question argued in the district
court, and the only question by that court decided, was whether
appellant had legal capacity to bring the action, in other
words, whether, under the facts set forth, any legal right of
appellant was denied to him or threatened by any action of the
respondents constituting the state board of equalization.

But it is the question whether said Act, Chapter 142, is con-

stitutional or not that appellant asks to have determined. He seeks this by action under the Uniform Declaratory Judgments Act, Chapter 90, sec. 9835.1 et seq., Revised Codes of Montana 1935. May the court decide that question in this action? To answer this question of jurisdiction we epitomize appellant's amended complaint. Therein his grievances are set forth.

He is a resident, citizen, taxpayer and elector of Lewis and Clark county, Montana; he conceives, and accordingly states, that slot machines are lotteries, and that as the Montana Constitution provides that "the legislative assembly shall have no power to authorize lotteries, or gift enterprises for any purpose, and shall pass laws to prohibit the sale of lottery or gift enterprise tickets in the state," sec. 2, Art. XIX, Mont. Const., the Act of 1945, Chapter 142, providing for licensing the operation of slot machines when owned and operated by the organizations named in the Act, is therefore violative of that provision and void. He also avers that the Act is discriminatory, that it is class legislation, that it denies the equal protection of the law and that it violates the provision of the Montana state Constitution, section 23, Article V, that "no bill * * * shall be passed containing more than one subject, which shall be clearly expressed in its title * * *."

He also alleges that he is informed and believes that the attorney general of Montana and the county attorney of Lewis and Clark county are of the opinion that the provisions of said Chapter 142 are constitutional, and that neither of said officers has filed any proceedings to determine the constitutionality of the Act, and that therefore unless he may maintain this action, merely as a resident, citizen, elector and taxpayer, the only other method through which the constitutionality, validity, and proper application of the licensing Act may be determined is by an abatement proceeding brought by himself or some other citizen under the provisions of sections 11125-11129, Revised Codes of 1935.

The attorney general, in his brief herein in behalf of re-

spondents, asserts that the Act is a valid and constitutional enactment, and its validity is defended, not only in his brief and argument, but by the counsel appearing herein as amici curiae.

It is true that in an action brought by a citizen, under the express authority of section 11125, if therein the constitutionality of Chapter 142 should be properly raised, it could be and would be determined by the court having jurisdiction of the cause, if necessary to decision therein. Such action would invoke the judicial power. In such a case the constitutional issue could be brought before the court. It is not before the court in the instant action.

Section 11125 is the statute that provides that an action in equity may be brought in the name of the state of Montana upon the relation of the county attorney or any citizen of the county, ''whenever there is a reason to believe'' that certain nuisances are kept or exist, to abate and prevent the same. The general rule in equity, crystallized in our Code section 8651, is that a private person may maintain an action to abate a public nuisance, "if it is specially injurious to himself, but not otherwise,'' but the sections referred to in appellant's complaint grant a private citizen the right and privilege of suing to abate the four particular nuisances described in section 11124, and one of these four nuisances is, ''any building wherein gambling is carried on or occurs, *contrary to any of the laws of the state of Montana.*'' (Emphasis supplied. )

Appellant says: ''Such proceedings are, however, the only course left open to private citizens, if the present action fails, and in such case abatement proceedings will be filed and prosecuted.'' But he avers that such an action would not be binding upon the respondents, and would cause undue and unnecessary hardship upon the defendant in such abatement action, and if the court should hold adversely to the appellant, or such other citizen who might bring such action, he would be mulcted in costs, and that therefore the court should determine whether the rights granted to him by section 11125, Re-

vised Codes 1935, have been taken from him by said Chapter 142.

Neither the fact that such contemplated suit would cause ▮ hardship upon the defendant sued, nor the fact that if the citizen bringing such action should be defeated therein he would have costs to pay, is sufficient to give the court jurisdiction to decide the question posed by appellant. It is but the usual consequence of litigation that the loser pays costs and suffers some loss, and even possible hardship. Such potential issue of the contemplated action adds not to the power of the court in the instant action. Unless the action now before us is a real controversy wherein some legal, personal right of appellant is denied or imperiled by the enforcement of Chapter 142, the rule so long and so uniformly followed that the constitutionality of a statute must not be determined ''except in an action or proceeding in behalf of a person whose special, peculiar personal rights are affected thereby,'' is applicable here. Schieffelin v. Komfort, 212 N. Y. 520, 106 N. E. 675, 678, L. R. A. 1915D, 485.

It is by reason of the fact that it is only judicial power that ▮ the courts possess, that they are not permitted to decide mere differences of opinion between citizens, or between citizens and the state, or the administrative officials of the state, as to the validity of statutes. Particularly is it true where a statute, regular enacted by the law making branch of the government, is attacked by the citizen as being in violation of some provision or provisions of the Constitution.

The judicial power of the United States is vested in ''one ▮ Supreme Court and in such inferior Courts as the Congress may from time to time ordain and establish.'' Sec. 1, Art. III, of the United States Constitution. The judicial power vested in the district courts and the Supreme Court of Montana, by the provisions of the Montana Constitution extend to such ''cases at law and in equity'' as are within the judicial cognizance of the state sovereignty. Article 8, secs. 3, 11. By ''cases'' and ''controversies'' within the judicial power to de-

termine, is meant real controversies and not abstract differences of opinion or moot questions. Neither federal nor state Constitution has granted such power.

The United States Supreme Court has in many cases held that a "controversy," in the constitutional sense, must be "one that is appropriate for judicial determination" (Osborn v. Bank of United States, 9 Wheat, 738, 6 L. Ed. 204), be definite and concrete, *touching legal relations of parties having adverse legal interests* (South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co., 145 U. S. 300, 12 S. Ct. 921, 36 L. Ed. 712), and a real and substantial controversy, admitting of specific relief through decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts, or upon an abstract proposition. Aetna Life Ins. Co. v. Haworth, 300 U. S. 227, 57 S. Ct. 461, 81 L. Ed. 617, 108 A. L. R. 1000; South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co., supra.

And the Supreme Court holds that to invoke judicial power to disregard a statute as unconstitutional, the party who assails it must show, not only that the statute is invalid, but that he has sustained, or is in immediate danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally. Massachusetts v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. Ed. 1078.

As to the various charges of unconstitutionality levelled against Chapter 142 by the appellant, it is elementary that none thereof may be considered unless raised by someone who is directly injured in a legal right by the enforcement of the statute, and then only where determination of the constitutional question is rendered necessary to protect the suitor in such invaded right. Pierson v. Hendricksen, 98 Mont. 244, 38 Pac. (2d) 991; Durocher v. Myers, 84 Mont. 225, 274 Pac. 1062; Barth v. Pock, 51 Mont. 418, 155 Pac. 282.

The only interest of the appellant in the premises appears to be that he is a resident, citizen, taxpayer and elector of the

county wherein the respondents, as members of the state board of equalization have official residence, and in which said board performs its constitutional and statutory functions. He asserts no legal right of his that the said board has denied him, and sets forth no wrong which they have done to him, or threatened to inflict upon him.

Appellant's complaint is in truth against the law, not against the board of equalization. He represents no organization that has been denied a slot machine license. He seeks no license for himself. In fact it appears from his complaint that slot machines, licensed or unlicensed, are utterly anathema to him. There is no controversy between him and the board of equalization.

The interest shown by appellant is only his interest as a citizen, elector, taxpayer and resident of Lewis and Clark county. This is the same interest that the other citizens, electors, taxpayers, and residents of the county have in the matter, and it is not such interest as is permitted to invoke the exercise of the judicial power of determining whether an Act of the legislature is violative of the Constitution.

It is held in Montana, as it is held by the United States Supreme Court, and by courts throughout the nation, that a showing only of such interest in the subject of the suit as the public generally has is not sufficient to warrant the exercise of judicial power. Barth v. Pock, supra; State ex rel. Holliday v. O'Leary, 43 Mont. 157, 115 Pac. 204; Spratt v. Helena Power Transmission Co., 37 Mont. 60, 94 Pac. 631.

The Supreme Court of the United States also holds that "only those to whom a statute applies and who are adversely affected by it can draw in question its constitutional validity in a declaratory judgment proceeding as in any other." Alabama State Federation of Labor, etc. v. McAdory, 325 U. S. 450, 65 S. Ct. 1384, 1390, 89 L. Ed. 1725.

A long line of Montana decisions holds in accordance with this rule of the United States Supreme Court. We cite a few of the many cases so holding: State ex rel. Riley v. District

Court, 103 Mont. 576, 64 Pac (2d) 115; State ex rel. Brooks v. Cook, 84 Mont. 478, 276 Pac. 958; Barth v. Pock, supra; Shea v. North-Butte Min. Co., 55 Mont. 522, 179 Pac. 499.

Nor does the fact that the action here is brought under the Uniform Declaratory Judgments Act, Chapter 90, Revised Codes of Montana 1935, change the rule. It is still judicial power that is sought to be invoked, and that power only extends to actual "cases" and "controversies," not to abstract questions. Muskrat v. United States, 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246; Holt v. Custer County, 75 Mont. 328, 243 Pac. 811.

A text writer, Anderson on Declaratory Judgments, section 31, says: "The rule is not different in declaratory judgment actions from that obtaining with regard to actions generally, as to the necessity of a personal right in the plaintiff to maintain the action. * * * The general rule is that a party having only such interest as the public generally has cannot maintain a declaratory judgment action."

The rule is so clear, the holdings so uniform, and the application of the rule to the facts of the case before us, so direct and plain, further citation from the many decisions of both state and federal courts seems not required. A recent decision of the Supreme Court of Idaho, in an action also brought under the Uniform Declaratory Judgments Act, is so like the instant case, in parties, law, and issues, that we refer to it. The case is that of Thomas v. Riggs, Commissioner of Law Enforcement of the State of Idaho, Idaho, 175 Pac. (2d) 404, 405. The case was decided by the Idaho Supreme Court December 16, 1946. The complaint in the case alleged: "That plaintiff is a citizen and taxpayer of the State of Idaho, residing at Boise, Ada County, Idaho, and he and others similarly situated are opposed to the violation of the anti-gambling statutes of the State of Idaho, and particularly to the licensing of slot machines and other mechanical lottery devices, as being against the best interests of the people of the State of Idaho," and. "That the enforcement of said anti-gambling act as against

the operators and players of slot machines licensed under said Control Act is a matter of grave public concern and moment.''

The court held that ''being a citizen and taxpayer and opposed to gambling, taken in connection with appellant's allegation, that the enforcement of the anti-gambling statute of the state against licensed operators of slot machines was 'a matter of grave public concern and moment,' '' was not sufficient to entitle the appellant to challenge the constitutionality of the Act, and that he did not have the legal capacity to sue. The court said: "There are numerous persons who possess the required legal capacity and, further, there is also other procedure by which the constitutionality of that statute may be tested.''

Here, too, the constitutionality of Chapter 142 may be tested by a proper party in a proper case. The complaint of appellant does not present such a case, and the order and judgment of the district court sustaining the demurrer and dismissing the action was correct and is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman, and Metcalf concur.