No. 14206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

LEWIS R. JONES, RALPH L. HERRIOTT et al.,

        Plaintiffs and Petitioners,

-vs-

HON. THOMAS L. JUDGE, Governor of the
State of Montana et al.,

        Defendants and Respondents.

---

Original Proceeding:

Counsel of Record:

    For Petitioners:

        Ralph L. Herriott argued, Hysham, Montana
        John L. Adams, Jr. Billings, Montana
        Douglas Y. Freeman, Hardin, Montana
        Weymouth D. Symmes, Billings, Montana
        Hon. Judge Charles B. Sande, argued, Billings, Montana

    For Respondents:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Mike McGrath, Assistant Attorney General, argued,
         Helena, Montana
        Hon. Judge W. W. Lessley argued, Bozeman, Montana

---

        Submitted: March 31, 1978

        Decided: APR 1 7 1978

Filed: APR 1 7 1978

_Thomas J. Kearney_
Clerk

Hon. Peter G. Meloy, District Judge, sitting, delivered the Opinion of the Court.

This is an original proceeding seeking a declaratory judgment from this Court on the constitutionality of section 93-710, et seq., R.C.M. 1947.

These statutes provide in part that individuals nominated for judicial vacancies be confirmed by the Senate, but that a nomination made while the Senate is not in session is effective as an appointment, until the end of the next session.

This controversy arose after the judicial vacancy created by the appointment of Chief Justice Paul Hatfield to the United States Senate. The Judicial Nominating Commission as authorized by section 93-710, presented the Governor with three nominees. Thomas L. Judge as Governor of the State of Montana selected one of three nominees, Frank I. Haswell, to fill the office of Chief Justice of the Supreme Court as authorized by Section 93-711.

The appointment of Justice Haswell as Chief Justice created a vacancy on the Supreme Court which requires the same procedures as used in filling the vacancy for Chief Justice.

Petitioners are Lewis R. Jones, Ralph R. Herriott and Charles B. Sande, registered voters in Treasure and Yellowstone Counties who desire and intend to vote in the next primary and next general elections in the State of Montana.

Respondents filed a motion to dismiss and the Court dismissed the action as to respondents Mike Greely, John C. Harrison, Larry Elison and "all other persons recently involved as candidates or aspirants to the appointment to the office of Chief Justice of the Supreme Court of the State of Montana and Associate Justice of the Supreme Court of Montana."

The motion to dismiss as to the other respondents was heard at the time of the hearing on the merits on March 31, 1978.

It is petitioners' contention that individuals appointed to fill judicial vacancies must run for office at the next succeeding primary.

The crux of petitioners' argument is that Article VII, Section 8, 1972 Montana Constitution, is ambiguous.

The thrust of the complaint is that sections 93-710 and 93-711 are unconstitutional. The basis for the contentions is considered later in this Opinion.

Respondents initially contend petitioners lack standing to invoke the judicial power of this Court. In addition, respondents contend the mandates of Article VII, Section 8, as to judicial vacancies are unambiguous and therefore not subject to any construction by this Court.

The first issue is whether petitioners have standing to invoke the Court's judicial power.

The rule is well-established in Montana that only those who are adversely affected by a statute will be heard to question its validity. Chovanak v. Matthews, (1948), 120 Mont. 520, 188 P.2d 582.

Chovanak stated that as a general rule, private citizens may not restrain official acts when they fail to allege and prove damages to themselves differing in character from that sustained by the general public.

The right to vote, however, is a personal and constitutional right. Although stature as an elector will generally not allow an individual to bring an action invoking

the judicial power, an elector who is denied this right is sufficiently affected to invoke the judicial power to challenge the validity of the Act which denies him the right.

The second issue is whether the judicial nominating process as established in Montana is constitutional. Article VII, Section 8, 1972 Montana Constitution, is divided into three subsections. Subsection (1) provides for the nomination and appointment to fill judicial vacancies and is the constitutional basis for sections 93-710 and 93-711. Subsections (2) and (3) provide the manner of the election to fill the vacancies. Petitioners rely on the language in Keller v. Smith, (1976), _____ Mont. _____ 553 P.2d 1002, 33 St. Rep. 828, and Yunker v. Murray, (1976), _____ Mont. _____, 554 P.2d 285, 33 St. Rep. 856, which deal with subsections (2) and (3) and the meaning of the word "incumbent". Petitioners argue that because of a so-called "ambiguity" in subsections (2) and (3) that subsection (1) is also ambiguous. We do not agree.

Article VII, Section 8, subsection (1), states in part: "Each nomination shall be confirmed by the senate, but a nomination made while the senate is not in session shall be effective as an appointment until the end of the next session."

There is nothing anbiguous about this language. When the words of a statute are plain, unambiguous, direct and certain, it speaks for itself and there is nothing for the court to construe. State ex rel. Public Service Comm. v. Brannon, (1929), 86 Mont. 200, 282 P. 202, 209. The terms must be given the natural and popular meaning in which they are usually

understood. State ex rel. Hinz v. Moody, (1924), 71 Mont. 473, 230 P. 575; Cashman v. Vickers, (1924), 69 Mont. 516, 223 P. 897.

These same principles apply in the interpretation of the Constitution. Cruse v. Fischl, (1918), 55 Mont. 258, 175 P. 873; Martien v. Porter, (1923), 68 Mont. 450, 219 P. 817.

The language of the Constitution is unequivocally clear so that when a judicial vacancy exists, a nomination made when the senate is not in session is effective as an appointment until the end of the next session. The holding in Keller v. Smith, supra, that the word "incumbent" in Article VII, Section 8 is ambiguous has no bearing on the clarity of any other language in this section. Petitioners use of Yunker v. Murray, supra, is similarly inappropriate.

Because the language is unambiguous there is nothing for the Court to construe.

The statutes complained of are derived directly from the unambiguous language of the 1972 Montana Constitution.

Petitioners point out that at the time of the adoption of the judicial article in 1972, the legislature met in annual sessions and that subsequently the Constitution was amended to provide biennial sessions. From this event petitioners seem to contend the judicial article is not what the people desire at this time. To achieve the result that petitioners desire, this Court would have to insert language into subsection (1) of the judicial article. This Court has no such authority.

Neither can this Court accept petitioners' contention that the judicial appointment process is violative of

and repugnant to the following provisions of the 1972 Montana Constitution: Article II, Section 1; Article III, Section 1; and Article V, Section 13.

Article II, Section 1, provides:

"Popular Sovereignty. All political power is vested in and derived from the people. All government of right originates with the people, is founded upon their will only, and is instituted solely for the good of the whole."

Article III, Section 1, provides for the separation of the powers of the government into three distinct branches, and Article V, Section 13, governs the impeachment process.

The Constitution must be considered as a whole. State ex rel. Livingstone v. Murray, (1960), 137 Mont. 557, 354 P.2d 552. All of the provisions of the Constitution bearing upon the same subject matter are to receive appropriate attention and be construed together. Cottingham v. State Board of Examiners, (1958), 134 Mont. 1, 328 P.2d 907.

The provisions contained in Article II, Section 1; Article III, Section 1; and, Article V, Section 13 apply only generally to the judicial nominating process as established in Montana, whereas the provision in Article VII, Section 8 relates specifically to the filling of judicial vacancies.

In the construction of constitutions, broad and general provisions which tend in some measure to conflict with the specific ones are controlled by the specific provision. British-American Oil Producing Co. v. State Board of Equalization, (1936), 101 Mont. 293, 54 P.2d 129, affirmed 299 U.S. 159, 57 S. Ct. 132, 81 L Ed 95; State ex rel Corry v. Cooney, (1924), 70 Mont. 355, 225 P. 1007.

The established procedures for filling judicial vacancies in Montana are constitutional. The Petition and Complaint is dismissed.

Hon. Peter G. Meloy, sitting with the Court.

- 6 -

We concur:

_____
Acting Chief Justice

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Justice



_____

_____
District Judges sitting with the
Court.