No. 85-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

WILLIAM STELLING, JR.,

        Claimant and Appellant,

  -vs-

RIVERCREST RANCHES, INC.,

        Employer,

  and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent and
        Cross-Appellant.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford argued, Billings, Montana

    For Respondent:

        Hughes, Alke, Kellner & Sullivan; Mike McCarter argued,
        Helena, Montana

    For Amicus Curiae:

        Milodragovich, Dale & Dye; Lon J. Dale argued for
        Gary Larson, Missoula, Montana
        Rossbach & Whiston; John Whiston argued for Rubye
        Kauffman, Missoula, Montana

                      Submitted:  July 24, 1986

                         Decided:  December 12, 1986

Filed:  **DEC 12 1986**

_____
                    Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Claimant, William Stelling, Jr., appeals the June 27, 1985, judgment of the Workers' Compensation Court which awarded him only a small portion of the lump-sum advance he had requested. We affirm the lump-sum advance and dismiss the remainder of Stelling's appeal for lack of standing.

Stelling was injured January 5, 1981, in the scope and course of his employment with Rivercrest Ranches, Inc. He continued to work through June 8, 1981, entered the hospital June 10, 1981, and underwent back surgery June 15, 1981. A second operation was performed November 1, 1982.

The State Compensation Insurance Fund commenced paying Stelling workers' compensation benefits June 9, 1981. It also paid all of his related medical expenses. Thereafter, the Fund requested permission to relieve itself of liability by purchasing an annuity to provide Stelling with the expected benefits to which he would be entitled.

On December 6, 1984, Stelling filed a petition for hearing with the Workers' Compensation Court, asking that the Fund's request be denied and that he be awarded a substantial lump-sum advance. A pre-trial conference was held February 15, 1985. The hearing was held March 20, 1985. After the taking of a post-trial deposition and the filing of briefs by all parties, the matter was submitted to the Workers' Compensation Judge on May 31, 1985.

Meanwhile, on April 15, 1985, the Montana Legislature enacted Senate Bill 281 in response to this Court's decision in Willis v. Long Construction Co. (Mont. 1984), 690 P.2d 434, 41 St.Rep. 2050. Willis forbid discounting to present value lump-sum awards to workers' compensation claimants.

The bill amended § 39-71-741, MCA, by (1) creating new criteria for establishing the need for a lump-sum award; and (2) requiring that lump-sum payments of permanent total disability benefits be discounted at 7% for each year of the estimated compensation period.

Thereafter, with the permission of the Workers' Compensation Judge, Stelling amended his pre-trial order to include Contract Clause, due process and equal protection challenges to the application of S.B. 281 to his case.

Findings of fact, conclusions of law and a judgment were entered June 27, 1985, finding claimant to be permanently totally disabled and entitled to $219 in weekly benefits and a partial lump-sum payment sufficient to satisfy the balance due on his 1984 pickup truck. The judge denied claimant's request for a lump-sum award sufficient to purchase an annuity paying $1297 a month for twenty years and to purchase a $65,000 house and $12,000 in furnishings. The Workers' Compensation Judge also held constitutional retroactive application of that portion of S.B. 281 establishing procedures for proving entitlement to a lump-sum payment. However, he found retroactive application of the discounting provision to be unconstitutional.

Stelling challenges the constitutionality of S.B. 281 again on appeal and raises the following issues:

1. Whether the application of § 39-71-741, MCA, as amended by Ch. 471, Laws of Montana (1985), in the determination of workers' compensation benefits to be awarded to workers injured before April 15, 1985, (the effective date of the amendment):

3

A. violates the Contract Clauses found in art. 1, § 10 of the United States Constitution and art. II, § 31 of the 1972 Montana Constitution?

B. denies due process guaranteed by the Fourteenth Amendment to the United States Constitution and by art. II, § 17 of the 1972 Montana Constitution?

C. denies equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and by art. II, § 4 of the 1972 Montana Constitution?

2. Whether, under the test in effect at the time of his injuries - best interests of the claimant, Stelling is entitled to the conversion of his biweekly benefits to a lump-sum payment?

The State Fund cross-appeals, raising the following issue:

1. Whether the Workers' Compensation Judge erred in refusing to retroactively apply that portion of S.B. 281 requiring that lump-sum payments to permanently totally disabled claimants be discounted to present value?

The issue raised on cross-appeal is addressed in another case decided this same day, Buckman v. Montana Deaconess Hospital, Slip Opinion #85-530, the case with which this case was consolidated for oral argument.

In Buckman, supra, we held that the procedures of S.B. 281 merely expand the methods by which a claimant proves entitlement to a lump-sum award. The threshold test remains that of the best interests of the claimant. Here, the Workers' Compensation Judge held that Stelling failed to prove that a lump-sum award would be in his best interests.

. . . Claimant has requested a sum to purchase an annuity which will pay him a sum certain for the

4

rest of his life. An annuity purchase does not rise to the standard of best interests . . .

. . . Under case law precedent claimant is equally unsuccessful in demonstrating that it is in his best interests that he be awarded a sum sufficient to purchase a home . . . Claimant has established that his current housing situation, in the back of his pickup, is intolerable. This alone does not establish that the cash purchase of a home is in his best interests. Claimant offered no evidence establishing an inability to live on his biweekly benefits in the rental market in Missoula. The file is equally bereft of other financing options for claimant's proposed home purchase other than cash. Claimant has not demonstrated that the cash purchase of a home with new furnishings is in his best interests.

Claimant has established that his monthly truck payment is a significant drain on his budget. Claimant is awarded a lump sum sufficient to pay off the balance due on his 1984 pickup. This will decrease his monthly expenses and allow him to obtain decent housing.

Judgment, p. 27.

Because the trial judge failed to find that Stelling's best interests would be met by conversion of his biweekly benefits to a lump-sum payment, Stelling lacks standing to contest the constitutionality of S.B. 281 and § 39-71-741, MCA.

Standing of parties to bring their claims is a threshold question a court must face before reaching the substantive issues of a case. Traditionally, courts require that a plaintiff have a "personal stake" in the outcome of a case, "to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

Stoianoff v. State of Montana (9th Cir. 1983), 695 F.2d 1214, 1223. If Stelling is not entitled to a lump-sum at all, then he cannot challenge the constitutionality of the methodology of computation.

There is substantial credible evidence to support the trial judge's determination that the purchase of a home is

5

not sufficient basis for awarding a lump-sum to this claimant. As noted in the trial judge's opinion, once Stelling is no longer making truck payments, he will have more money with which to provide himself housing. In addition, there is no evidence that Stelling is unable to live within Missoula's rental market.

The lower court judgment is affirmed.

_____
Justice

We concur:

_____

_____

_____
Justices

6

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent to that portion of the majority opinion affirming the Workers' Compensation Court's determination that retroactive application of the discounting provisions of § 39-71-741, MCA, is unconstitutional.

I have set forth the basis for this dissent in my dissent filed in Buckman v. Montana Deaconess Hospital and State Compensation Insurance Fund, filed simultaneously with this opinion.

_____
Justice

Mr. Chief Justice J. A. Turnage:

I concur in the dissent of Mr. Justice Gulbrandson.

_____
Chief Justice

7