No. 90-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

RUSSELL DEWEY ALLMARAS,

Plaintiff and Appellant,

-vs-

YELLOWSTONE BASIN PROPERTIES, a Montana corp., and PATTEN
CORPORATION, a foreign corp.,

Defendants and Respondents,

RICHARD RIOS,

Plaintiff and Appellant,

-vs-

YELLOWSTONE BASIN PROPERTIES, a Montana corp., and PATTEN
CORPORATION, a foreign corp.,

Defendants and Respondents.

**FILED**

JUN - 4 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Walter H. Madden, Livingston, Montana; Karl Knuchel,
Livingston, Montana.

For Respondent:

Todd R. Hillier; Josephson & Fredricks, Big Timber,
Montana;   John  F.  Sullivan;  Hughes,  Kellner,
Sullivan & Alke, Helena, Montana;  Gene I. Brown;
Landoe, Brown Law Firm, Bozeman, Montana.

Submitted on briefs : April 11, 1991

Decided: June 4, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs, Russell Dewey Allmaras and Richard Rios, initiated this suit in the District Court for the Eighteenth Judicial District, Gallatin County, alleging statutory wrongful discharge (Count I), common law discharge (Count II), and violation of the implied covenant of good faith and fair dealing (Count III). The District Court granted the defendants' motion for partial summary judgment on Counts II and III. The consolidated cases were then tried to a jury on Count I only. The jury found that plaintiffs had not been wrongfully discharged. Plaintiffs appeal, presenting five constitutional challenges to the Wrongful Discharge Act found in Title 39, Chapter 2, Part 9, MCA. We find no merit in any of the constitutional claims, and affirm the District Court's grant of partial summary judgment on Count's II and III.

The issues are:

1. Does the Wrongful Discharge Act violate the right of trial by jury under the Montana Constitution?

2. Does the Wrongful Discharge Act violate the privileges and immunities clause and the equal protection clause of the Montana Constitution?

3. Does the Wrongful Discharge Act impair the obligation of contracts in violation of the Montana Constitution?

4. Does the Wrongful Discharge Act violate substantive due process in violation of the Montana Constitution?

Yellowston Basin Properties, Inc. (Yellowstone Basin) is a Montana corporation and wholly owned subsidiary of Patten

Corporation. Yellowstone Basin hired plaintiffs as real estate sales representatives for the company. Yellow Basin terminated both plaintiffs' employment with the company and this suit followed.

## I

Does the Wrongful Discharge Act violate the right of trial by jury under the Montana Constitution?

Plaintiffs argue that because the Wrongful Discharge Act places a cap on the amount of damages recoverable for wrongful discharge, the right to have a jury determine damages has been infringed in violation of Article II, § 26, of the Declaration of Rights of the Montana Constitution. It is a well-established principle that a party does not have standing to challenge the constitutionality of a statute unless he has been adversely affected by the challenged statute. Jones & Herriott v. Judge (1978), 176 Mont. 251, 253, 577 P.2d 846, 847-48; Chovanak v. Matthews (1948), 120 Mont. 520, 526, 188 P.2d 582, 585. This Court declines consideration of constitutional issues which are rendered moot by jury verdicts or court judgments. See Stelling v. Rivercrest Ranches, Inc. (1986), 224 Mont. 313, 316, 730 P.2d 388, 390-91.

The jury determined that Allmaras and Rios were not wrongfully discharged. Based on this jury verdict, Allmaras and Rios are not entitled to damages under the Wrongful Discharge Act, and therefore cannot claim to be injured by the cap on damages contained in the Act. Stelling, 224 Mont. at 317, 730 P.2d at 391. We hold that Allmaras and Rios do not have standing to challenge the

3

constitutionality of the cap on damages under the theory that the Wrongful Discharge Act violates the right of trial by jury under the Montana Constitution.

II

Does the Wrongful Discharge Act violate the privileges and immunities clause and the equal protection clause of the Montana Constitution?

Allmaras and Rios argue that the Wrongful Discharge Act creates classifications that discriminate in violation of the privileges and immunities clause and the equal protection clause of the Montana Constitution. Article II, § 31, reads:

> No ex post facto law nor any law impairing the obligation of contracts, or making any irrevocable grant of special privileges, franchises, or immunities, shall be passed by the legislature.

Article II, § 4, reads in part:

> . . . No person shall be denied the equal protection of the laws . . .

Allmaras and Rios contend that the Wrongful Discharge Act creates a discriminatory classification by excluding from the scope of the Act wrongful discharge claims brought by employees covered by collective bargaining agreements or other written employment contracts and claims covered by other specific statutory remedies such as the Montana Human Rights Act. In sum, Allmaras and Rios argue that because they are in the class that is covered by the Act, they are denied the right to bring the common law tort actions found in Counts II and III of their complaint. Count II claimed common law wrongful discharge and Count III claimed breach of the implied covenant of good faith and fair dealing.

4

The Wrongful Discharge Act does not change the common law in recognizing that a general statutory remedy for wrongful discharge should not apply to those classes of cases in which the employees enjoy other specific contractual or statutory remedies. Under common law, tort claims for wrongful discharge and breach of the implied covenant of good faith and fair dealing were available only to at-will employees. These tort remedies were developed specifically to provide redress for employees who had no legal protection against wrongful discharge. See Dare v. Montana Petroleum Marketing Co. (1984), 212 Mont. 274, 687 P.2d 1015; Brinkman v. State (1986), 224 Mont. 238, 729 P.2d 1301. Persons employed under term contracts or collective bargaining agreements were not allowed to sue in tort, but rather were required to seek remedies under their contracts or collective bargaining agreements. Brinkman, 224 Mont. 238, 729 P.2d 1301; Fellows v. Sears, Roebuck and Co. (1990), 795 P.2d 484; Nordlund v. School Dist. No. 14 (1987), 227 Mont. 402, 738 P.2d 1299. Likewise, claims arising under discrimination statutes such as the Human Rights Act and the Governmental Code of Fair Practices may not form the basis of a tort claim. §§ 49-2-509(7) and 49-3-312(7), MCA; Harrison v. Chance, (1990) 797 P.2d 200.

Plaintiffs' argument that the codification of the common law tort of wrongful discharge denies them the right to claim the common law tort of wrongful discharge is without merit for the same reasons that plaintiffs did not have standing to challenge the constitutionality of the limitations on damages. As already stated under Issue I, a party does not have standing to challenge the

5

constitutionality of a statute unless he has been adversely affected by the challenged statute. Jones & Herriott, 176 Mont. at 253, 577 P.2d at 847-48. Since the classifications established in the Act are the same as those under common law, plaintiffs cannot claim that they have been adversely affected by the loss of the common law tort claim. We hold that Allmaras and Rios have no standing to challenge the constitutionality of the Wrongful Discharge Act's elimination of the common law tort of wrongful discharge under the theory that the Act creates discriminatory classifications in violation of the privileges and immunities clause and the equal protection clause of the Montana Constitution.

The Wrongful Discharge Act does however prevent plaintiffs' claims of breach of the implied covenant of good faith and fair dealing. § 39-2-912, MCA. In 1982, this Court set forth the employer's duty of good faith and fair dealing. Gates v. Life of Montana Ins. Co. (1982), 196 Mont. 178, 638 P.2d 1063. Plaintiffs apparently are asserting that it is a violation of their constitutional rights for the legislature to eliminate this common law cause of action. "No one has a vested interest in any rule of common law" and as a general rule, "the legislature, under its plenary power to act for the general welfare, may alter common law causes of action." Meech v. Hillhaven West, Inc. (1989), 238 Mont. 21, 31, 776 P.2d 488, 494. For policy reasons, the Legislature has debated and passed statutes in a number of legal areas that take away causes of action or constrict liability. Meech, 238 Mont. at 33, 776 P.2d at 495. The general rule that no one has a vested interest in a rule of common law refutes the plaintiffs' argument

6

that the Act unconstitutionally deprives them of the fundamental right to a claim of breach of the implied covenant of good faith and fair dealing. Meech, 238 Mont. at 34-35, 776 P.2d at 496.

We hold that there is no merit in plaintiffs' claim that the Wrongful Discharge Act's elimination of breach of the common law tort claim of the implied covenant of good faith and fair dealing violates the privileges and immunities clause and the equal protection clause of the Montana Constitution

## III

Does the Wrongful Discharge Act impair the obligation of contracts in violation of the Montana Constitution?

The Wrongful Discharge Act became effective on July 1, 1987. Plaintiff, Allmaras, claims that he went to work on or about July 1, 1987, and that the parties of necessity would have had to come to an agreement on his contract prior to that date. Therefore imposing the limitations found in the Act impairs the obligation of his contract in violation of Article II, § 31, which reads:

> No ex post facto law nor any law impairing the obligation of contracts, or making any irrevocable grant of special privileges, franchises, or immunities, shall be passed by the legislature.

Allmaras presented no evidence that the parties entered into an agreement prior to July 1, 1987. The only evidence before the trial court on this point was the affidavit of the person who hired Allmaras as a sales representative for Yellowstone Basin. The company's records show that Allmaras began his employment on or about July 20, 1987. We hold that Allmaras failed to present any evidence to support his contention that the Wrongful Discharge Act

7

impaired the obligations under his contract in violation of the Montana Constitution.

## IV

Does the Wrongful Discharge Act violate substantive due process in violation of the Montana Constitution?

Plaintiffs cite no legal authority, nor do plaintiffs explain how the Wrongful Discharge Act violates substantive due process beyond a reiteration that it is discriminatory, which has already been addressed under Issue II. Rule 23(a)(4), M.R.App.P. requires the appellant to file a brief containing "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities . . . relied on." Plaintiffs' due process argument fails to comply with this requirement and this Court will not address this issue.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8