NO. 94-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MONTE BRIDGEWATER,

     Plaintiff and Appellant,

  v

STATE OF MONTANA, DEPARTMENT
OF INSTITUTIONS

     Defendant and Respondent.

FILED

AUG 25 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Anaconda-Deer Lodge,
               The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Leonard J. Haxby, Butte, Montana

     For Respondent:

     James M. Scheier, Department of Justice, Helena,
     Montana

Submitted on Briefs: February 16, 1994

Decided: August 25, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Appellant, Monte Bridgewater, filed a complaint against the State of Montana Department of Institutions and the Superintendent of the Montana State Mental Hospital, Jane Edwards, on November 26, 1990, claiming defamation of character and against the State of Montana Department of Institutions claiming constructive discharge from employment. The Montana Third Judicial District Court, Anaconda-Deer Lodge County, granted Jane Edwards' Rule 12(b)(6) motion to dismiss, finding her immune from liability under § 2-9-305, MCA. The District Court also granted the State's motion for summary judgment on the constructive discharge **claim** and granted the State's motion for **summary** judgment on all but one of the defamation **claims.** The Appellant appeals the District Court's June 23, 1993 order granting partial summary judgment. We affirm.

## ISSUES

We address the following issues on appeal:

I. Did the District Court err in granting summary judgment on the constructive discharge **claim?**

**II.** Did the District Court err in granting summary judgment on all but one of the defamation **claims?**

## BACKGROUND

Appellant was an employee of the Montana State Mental Hospital (Hospital). Accordingly, his employment with the Hospital was covered by a collective bargaining agreement (CBA) between the State of Montana and the Warm Springs Independent Union Local #5070, MFSE, AFT, AFL-CIO, and the Montana State Hospital.

Appellant suffered a job-related injury in 1985 while working at the Hospital. As a result of the job injury, he took a number of extended leaves of absence which resulted in his being absent from work for a substantial period of time.

In 1989, the Hospital conducted an internal investigation regarding allegations that Appellant provided prescription and non-prescription drugs to patients and violated hospital policy. The Hospital suspended Appellant without pay while the Deer Lodge County Attorney continued the investigation. The Deer Lodge County Attorney ultimately advised the Department of Institutions that there may have been criminal conduct but she did not find sufficient evidence to prove a case beyond a reasonable doubt. Jane Edwards suspended Appellant for two weeks, reassigned him to another work area, and placed him on probation for a six-month period. On May 11, 1989, Appellant filed a grievance concerning his suspension but returned to work on July 31, 1989. On August 30, 1989, Appellant filed a second grievance concerning his suspensions. On September 23, 1989, he took a leave of absence because the suspensions had exacerbated his June, 1985 job injury. The Hospital notified Appellant that when he returned to work, his assignment to the Extended Treatment Unit would continue for six months. On November 30, 1989, Kimberly Lloyd, the personnel officer, notified Appellant that the Hospital had terminated his employment because he had exhausted the 18-month job preference period related to the June, 1985 job injury. Appellant did not file a grievance pursuant to the terms of the CBA, but did file a

3

complaint in the Montana Third Judicial District Court claiming constructive discharge from employment and defamation of character. The court granted Jane Edwards' **motion** to dismiss the complaint based on her immunity under § 2-9-305, MCA. The court also granted the State's motion for summary judgment on the constructive discharge and all defamation claims except for the statement made by Ken Schmidt. Appellant appeals the District Court's order granting partial summary judgment.

## DISCUSSION

Under Rule 56(c), M.R.Civ.P., summary judgment is proper only when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. The moving party has the initial burden to establish that there are no genuine issues of material fact. Once that burden has been met, the burden then shifts to the party opposing the motion to establish otherwise. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, *444, 872* P.2d 330, *331-32.* In reviewing a grant of summary judgment, we will utilize the same criteria as the district court; our review is *de novo.* Minnie v. City of Roundup (1993), 257 Mont. *429, 431,* 849 P.2d 212, 214.

I. Did the District Court err in granting summary judgment on the constructive discharge claim?

Appellant contends that the District Court erred in granting summary judgment on the constructive discharge claim because genuine issues of material fact still existed. The state argues that issues of fact did not exist and that § 39-2-912(2), MCA,

4

excludes claims brought by employees covered by collective bargaining agreements. Section 39-2-912 (2), MCA, exempts from the Wrongful Discharge Act "an employee covered by a written collective bargaining agreement or a written contract of employment for a specific term." In fact, § 39-31-101, MCA, establishes Montana's policy of encouraging collective bargaining. See Small v. McRae (1982), 200 Mont. 497, 651 P.2d 982. In Small, we adopted the following language from the United States Supreme Court:

> individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress . . . . A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it.

Small, 651 P.2d at 986 (quoting Republic Steel Corporation v. Maddox (1965), 379 U.S. 650, 652-53, 85 S.Ct. 614, 616-17, 13 L.Ed.2d 580, 583). Therefore, we held that only when it is certain that the CBA is not susceptible to an interpretation that it covers the dispute, may an employee sidestep the provisions of the CBA. Small, 651 P.2d at 986. Where the CBA is susceptible to such an interpretation, we have held that the appellant must first pursue remedies under the CBA. Brinkman v. State (1986), 224 Mont. 238, 243, 729 P.2d 1301, 1305. In Allmaras v. Yellowstone Basin Properties (1991), 248 Mont. 477, 812 P.2d 770, we stated that

> a general statutory remedy for wrongful discharge should not apply to those classes of cases in which the employees enjoy other specific contractual or statutory remedies. . . . [T]ort remedies were developed specifically to provide redress for employees who had no legal protection against wrongful discharge.

Allmaras, 812 P.2d at 772.

In this case, Appellant's termination for exhaustion of the job preference period is a situation which is exclusively covered by the CBA entered into by Appellant's union. The Appellant does not dispute that his employment with the Hospital was subject to this CBA. The CBA contains a grievance provision allowing an employee to settle disputes with the employer. Moreover, Appellant exhausted the leave of absence provision in the CBA, which states in part:

> (c) Such leave may be granted at the discretion of the Superintendent for periods not exceeding twelve (12) months. Leaves caused by accidents compensated by the Industrial Accident Board shall not affect seniority accrual, and the leave shall be extended for up to eighteen (18) months.

Therefore, we conclude that Appellant must exhaust his contractual remedies and follow the correct grievance procedure instead of circumventing the CBA and filing a complaint in district court.

Additionally, the State argued and the District Court agreed that the common-law doctrine of constructive discharge requires a showing that the employer rendered working conditions so oppressive that resignation was the only reasonable alternative. Niles v. Big Sky Eyewear (1989), 236 Mont. 455, 461, 771 P.2d 114, 118 (citing Snell v. Montana-Dakota Utilities Co. (1982), 198 Mont. 56, 643 P.2d 841). In this case, the Appellant did not resign, he was terminated pursuant to the CBA. Therefore, he does not have a common law claim for constructive discharge. We hold that the District Court correctly found that on the issue of constructive discharge, no genuine issues of material fact existed and the State was entitled to summary judgment as a matter of law.

6

II. Did the District Court err in granting summary judgment on all but one of the defamation claims?

The Appellant argues that genuine issues of material fact existed and therefore the District Court erred in granting summary judgment on the defamation claims except for the statement made by Ken Schmidt. The Appellant alleged several defamatory statements made by the staff at the Hospital, including statements made to the county attorney's office, to the press, and to the Appellant in the presence of others. The statements specifically include a memo written by Jeff Strum dated June 1, 1989; a letter written by Jane Edwards dated July 27, 1989; questions asked by Jeff Strum and Jane Edwards; statements made to the press by Curt Chisholm, and a statement made by Ken Schmidt to Appellant in the presence of others.

Defamation includes libel, the written word, and slander, the spoken word. See § 27-1-801, MCA. Section 27-1-802, MCA, defines libel as:

> a false and unprivileged publication by writing . . which exposes any person to hatred, contempt, ridicule, or obloquy or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation.

In turn, § 27-1-804, MCA, sets forth those publications that are privileged: "A privileged publication is one made: (1) in the proper discharge of an official duty . ." By definition, a privileged communication is not defamatory, and therefore not actionable. Small, 651 P.2d at 991; Nye v. Department of Livestock (1982), 196 Mont. 222, 227, 639 P.2d 498, 501. See also, Storch v.

Board of Dir. East. Mont. Reg. Five M.H.C. (1976), 169 Mont. 176, 181, 545 P.2d 644, 647-48. ("[Section 27-1-804(1), MCA] constitutes an absolute privilege with the only requirement being that the intradepartment communication be one rendered while engaged in an 'official duty'. There can be no doubt that the hiring and firing of employees is part of the 'official duty' . . .")

The District Court correctly found that the memo, letters, questions, and statements of Jane Edwards and Jeff Strum were made in the performance of official duty and thus were absolutely privileged under § 27-1-804, MCA. The statement by Curt Chisolm made to the press as part of an ongoing investigation was within his official capacity and was also absolutely privileged. Consequently, we conclude that there were no genuine issues of material fact, and the State was entitled to summary judgment as a matter of law. We affirm the District Court's grant of partial summary judgment.

Because the State did not file a cross appeal, we let stand the District Court's decision to deny summary judgment on the issue of Ken Schmidt's alleged defamatory statement.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

AFFIRMED.

_____
Justice

We Concur:

We Concur:

_____
                Chief Justice

_____

_____
                Justices

Justice Terry N. Trieweiler specially concurring in part and dissenting in part.

I concur with that part of the majority opinion which affirms the District Court's dismissal of the plaintiff's claim for wrongful discharge. However, I do not do so for the reasons stated in the majority opinion.

I do not agree that plaintiff has not set forth facts which, if true, would constitute constructive discharge. Nor do I agree that he failed to file a grievance regarding the conditions which led to his leave of absence. Finally, I do not agree that the grievance procedure was his exclusive remedy pursuant to the collective bargaining agreement which covered his employment.

However, I do conclude, in spite of the above, that plaintiff's claim for wrongful discharge is precluded by the plain terms of Montana's Wrongful Discharge from Employment Act. Section 39-2-912, MCA, of Montana's Wrongful Discharge from Employment Act states in part that:

> This part does not apply to a discharge:
> . .
> (2) 'oi an employee covered by a written collective bargaining agreement or a written contract of employment for a specific term.

Because plaintiff's employment was covered by a written collective bargaining agreement under the plain terms of Montana's wrongful discharge law, he cannot sue for wrongful discharge. Therefore, I concur with that part of the majority opinion which affirms the District Court's dismissal of his claim for wrongful discharge.

10

I dissent from that part of the majority opinion which affirms the District Court's dismissal of the plaintiff's claim for damages based on defamation.

In doing so, I am aware of our prior conclusion that the privilege provided for in § 27-1-804(1), MCA, is an absolute privilege. *Storch v. Board of Directors* (1976), 169 Mont. 176, 181, 545 P.2d 644, *647-48*. However, I disagree with that conclusion. As a general rule, communications made by public officials during the discharge of their official duties are, at best, a qualified privilege. The rule is summarized in the following text:

> As a general rule, communications made by a subordinate public officer in the discharge of his official duties are qualifiedly privileged, unless, as considered supra §§ 69-76, they come within the protection of absolute privilege. [Those sections are inapplicable to the facts of this case.] The rule is applicable where the statement is made with a proper motive in a proper manner, and where it is based upon reasonable cause, and where there is no showing of falsity or knowledge that the statement was untrue, or of malice.
>
> However, the remarks are not privileged under this rule unless made in connection with the exercise of official duties and within the scope of the authority granted, or where they constitute unfounded and baseless suspicions which have arisen without proper investigation.
>
> The qualified privilege attaching to statements made in connection with official duties may be lost if they were made with express or actual malice, that is, with knowledge of falsity or with reckless disregard of truthfulness, or if the information is published to those who do not have a sufficient corresponding interest in the subject matter.

*53* C.J.S. *Libel and Slander* § 82 (1987) (footnotes omitted).

11

In this case, based on the record, there were factual issues regarding the applicability of the privilege invoked by the defendants. It remained for a jury to decide whether the communications complained of were made with a proper motive, based on reasonable cause and without malice.

For these reasons, I dissent from that part of the majority opinion which dismissed plaintiff's claim for damages based on his allegation of defamation. I would reverse the District Court's order granting summary judgment, dismissing that claim.

_____
Justice