No. 00-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 158N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KAREN D. MITCHELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Karen D. Mitchell, Joshua Tree, California (*in propria persona*)

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Jim Wheelis, Assistant Montana Attorney General, Helena, Montana; Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs: April 5, 2001
Decided: August 14, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On November 3, 1999, Karen Mitchell was convicted of criminal possession of dangerous drugs in the Eighteenth Judicial District Court, Gallatin County, pursuant to a plea agreement. She was later given a deferred sentence, subject to conditions. She appeals from the sentence imposed by the District Court. We affirm.

¶3 Mitchell presents a number issues on appeal:

1. Whether Mitchell waived her right to appeal any non-jurisdictional issues when she entered a guilty plea;

2. Whether the sentence imposed by the District Court was excessive and fell outside of the statutory parameters; and

3. Whether the forfeiture action was illegal.

**Factual and Procedural History**

¶4 On March 25, 1999, Karen Mitchell was charged with criminal possession of dangerous drugs with intent to sell, after having been stopped by police earlier in the month in Gallatin County. Mitchell was pulled over while driving in her Winnebago along with David Lee Johnson, who was wanted for a parole violation in Texas. After arresting Johnson, police asked Mitchell if they could search the vehicle and Mitchell refused.

Mitchell was taken in for questioning. A canine unit was then summoned to sniff the outside of the vehicle and ultimately, a warrant was issued for the search of the Winnebago. A search of the Winnebago yielded approximately 295 grams of marijuana and $11,620 in cash.

¶5 Gordon Williams was appointed as Mitchell's attorney and she was arraigned on March 29, 1999. In September of 1999, Williams filed a Combined Motion and Brief in Support of Defendant's Motion to Suppress Statements. The following day, Mitchell filed a Request to Allow Attorney of Record to Withdraw and to Appoint Competent Counsel to Represent Defendant Karen Mitchell. The District Court set a date for Mitchell's substitution, but also granted an extension of time to the State, because the State indicated a settlement was being negotiated. Later, Mitchell wrote the court asking for a continuance on the substitution hearing, which the court granted. This letter also indicated to the court that she was negotiating a plea agreement.

¶6 No hearing was ever held on the substitution motion. Instead, Mitchell pled to a reduced charge of criminal possession of dangerous drugs at a change of plea hearing on November 3, 1999. As part of the plea agreement the State recommended that the plea agreement be adopted and that the court defer imposition of sentence for three years. Mitchell was also to pay 35 percent of the market value of the marijuana in her possession, pursuant to § 45-9-130, MCA, and one-half of the cash seized in the Winnebago was forfeited in a separate civil proceeding.

¶7 The sentencing hearing was held on January 5, 2000. The court deferred imposition of sentence subject to certain terms and conditions. The terms imposed by the court included that Mitchell would be supervised, would be fined 35 percent of the market value of the marijuana, and would be assessed additional fines, including $1000 to the Missouri River Drug Task Force, an administrative fee of $172, a user surcharge of $5, a victim/witness fee of $10, and other requirements.

¶8 Mitchell filed her notice of appeal, pro se, appealing from all fines and penalty assessments imposed by the court after her plea was entered, and raising other non-jurisdictional issues, as addressed below.

## Discussion

¶9 **1. Whether Mitchell waived her right to appeal any non-jurisdictional issues when**

**she entered a guilty plea.**

¶10 Mitchell has raised a variety of issues relating to the effectiveness of her counsel and the legality of the evidence obtained against her. Mitchell contends that a variety of her constitutional rights were violated. She argues that she was not provided with effective assistance of counsel, that the equal protection clause was violated in sentencing, that the police did not have probable cause to arrest her, and that her motion to suppress the evidence should have been granted. The State responds that when Mitchell pled guilty she waived her right to challenge any constitutional or procedural defects. We agree.

¶11 It is well settled that a guilty plea which is voluntary and understandingly made constitutes a waiver of non-jurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. A guilty plea that is voluntary and intelligent constitutes a waiver of non-jurisdictional defects and defenses. *State v. Wheeler* (1997), 285 Mont. 400, 402-03, 948 P.2d 698, 699; *Petition of Hinman* (1995), 271 Mont. 167, 168, 895 P.2d 609 (citing *Hagan v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387). Our reasoning in *Hagan* was based on two cases, *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788 and *Tollett v. Henderson* (1973), 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. In *Turcotte* we said:

> The general rule is that a plea of guilty voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of violations of constitutional rights prior to the plea. The reasoning is that a person pleading guilty is convicted and sentenced on his plea, not on the evidence. *Turcotte*, 164 Mont. at 428, 524 P.2d at 788.

¶12 In *Tollett* the United States Supreme Court reasoned:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . *Tollett,* 411 *U.S.* at 267, 93 *S.Ct.* at 1608, 36 *L.Ed.2d* at 243.

¶13 In order for Mitchell to obtain review of her claims, she must first seek to have the guilty plea set aside by the trial court under § 46-16-105(2), MCA, which gives the trial court the authority to, "permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Mitchell must request that the trial court set aside the plea and show that it was not entered voluntarily or intelligently. Until such time as Mitchell requests and is granted leave to withdraw her guilty plea, she may not seek review of any non-jurisdictional issues. Moreover, if leave to withdraw a plea was granted, she would be limited on appeal to those issues raised and preserved at the district court level, unless she is raising questions related to the illegality of the sentence or the fact that the sentence exceeded the statutory mandate. *See State v. Nelson* (1995), 274 Mont. 11, 15-18, 906 P.2d 663, 665-67 (citing *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997). Unless and until Mitchell acts to have her guilty plea set aside, she has no right to appeal any non-jurisdictional defects that occurred before sentence was imposed. We therefore decline to address her arguments.

¶14 **Whether the sentence imposed by the District Court fell outside the statutory parameters.**

¶15 Mitchell argues that the District Court's imposition of fines was excessive, citing bias on the part of the court. She argued that the court "exceeded the terms of the proposed plea bargain." The State responds that Mitchell was advised that the plea agreement was not binding on the trial court:

> Although a transcript of the hearing on the guilty plea has not been provided, the clerk's minutes reflect that Mitchell was advised that the plea agreement was not binding on the trial court and that the maximum penalty could be applied. The agreement by the State reflected only the prosecutor's agreement to recommend a sentence and, specifically, noted that the recommendation was not binding on the trial court pursuant to § 46-12-211(1)(c). (Respondent's brief, p. 15.)

Because we have not been provided with a transcript by the appellant, we must assume that Mitchell was informed, as required by statute, that the State's recommendation in the plea agreement was not binding. Section 46-12-211, MCA, provides that a prosecutor may agree to:

> [M]ake a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may

not be binding upon the court. . . . [if the agreement is of this type] the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea.

Since it is clear that the District Court did not exceed its power when it did not accept each and every term of the proposed plea agreement, we review the imposition of sentence to determine whether it falls within the statutory parameters.

¶16 This Court reviews sentences for legality only, to determine whether the sentence falls within the statutory parameters. *State v. Montoya,* 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. Unless the sentence imposed falls outside what is allowed by the relevant statute, the sentence imposed by the District Court will be affirmed.

¶17 Section 45-9-102(5), MCA, provides that:

> A person convicted of criminal possession of dangerous drugs . . . shall be imprisoned in the state prison for a term not to exceed 5 years or be fined an amount not to exceed $50,000, or both.

Further, the fine imposed by the District Court under § 45-9-130, MCA, was mandatory. The statute requires the court to assess persons convicted of the crime of possession of dangerous drugs a fine of 35 percent of the market value of the drugs possessed.

¶18 Mitchell was given a deferred imposition of sentence subject to certain terms and conditions. The terms imposed by the court included that Mitchell would be supervised for three years, would be fined 35 percent of the market value of the marijuana in her possession, and would be assessed additional fines, including $1000 to the Missouri River Drug Task Force, an administrative fee of $172, a user surcharge of $5, a victim/witness fee of $10, and other requirements. This sentence is within the statutory limits.

¶19 Mitchell also raises the argument that the presumption in § 45-9-102(6), MCA, that a youthful first-time offender be given a deferred imposition of sentence is unconstitutional on equal protection grounds. However, Mitchell received a deferred imposition of sentence and was therefore not harmed by the presumption. Because she was not harmed by the presumption, she has no standing to challenge the constitutionality of the statute. It is a well-established principle that a party does not have standing to challenge the constitutionality of a statute unless she has been adversely affected by the challenged

statute. *Lutey Construction - The Craftsman v. State* (1993), 257 Mont. 387, 391, 851 P.2d 1037, 1039; *Allmaras v. Yellowstone Basin Properties* (1991), 248 Mont. 477, 480, 812 P.2d 770, 771; *Jones v. Judge* (1978), 176 Mont. 251, 253, 577 P.2d 846, 847-48. We therefore affirm on this issue.

¶20 **3. Whether the forfeiture was illegal.**

¶21 Mitchell argues that the forfeiture of the funds was unlawful. However, because the forfeiture was the subject of a separate cause of action, we will not address the merits of the forfeiture in this appeal.

¶22 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ JIM RICE