OPINION AND ORDER OF DISMISSAL
On February 18, 1988, Gary S. Marbut, as relator filed in this Court his application to commence an original proceeding for declaratory judgment, writ of mandate, and other appropriate relief.
Before accepting jurisdiction, we issued an Order dated February 22,1988, directing the Relator to serve a copy of his application and proposed complaint upon the Attorney General, and requiring the Attorney General to file in this Court a response to Relator’s application and proposed complaint, including particularly whether the proposed complaint “presents a justiciable controversy for this Court to determine.”
In our order of February 22, 1988, we stated the problem presented by the Relator’s application and proposed complaint:
“On examination, the application and complaint appear to be in the nature of a ‘friendly suit.’ The application recites in paragraph 4 that the Secretary of State has advised local election officials that the ballot for the upcoming primary election to be held June 7, 1988 will include initiatives CI-27 and CI-30. In his proposed complaint and petition for declaratory judgment Mr. Marbut prays in paragraph 3 of the prayer that we issue an alternative writ of mandate requiring the Secretary of State to commence the administrative process for inclusion of CI-27 and CI-30 in the next regular state *133 wide election. The proposed complaint seeks the same relief it is alleged the Secretary of State is about to grant.”
The Attorney General filed his written response in this Court on March 7, 1988. In it, he pointed out as basic the requirement that parties to the litigation be adverse, relying on Moore v. Charlotte-Mecklenburg Board of Education (1971), 402 U.S. 47, 47-48, 91 S.Ct. 1292, 1293, 28 L.Ed.2d 590, 591. He also pointed out that Montana cases support the requirement of adversarial parties in litigation, Chovanak v. Matthews (1948), 120 Mont. 520, 188 P.2d 582; Stewart v. Board of County Commissioners (1977), 175 Mont. 197, 573 P.2d 184. The Attorney General further stated that declaratory judgment actions still require justiciability, citing Chovanak, supra. The Attorney General concluded that justiciability is not an idle requirement, that the presence of adverse parties assures the Court that it will have the benefit of full debate on the issues, and that the requirement was of special importance for public issues of statewide impact, such as are raised by CI-27 and CI-30.
On March 7, 1988, the several parties known collectively as “Montanans for the Preservation of Citizens’ Rights” (see State of Montana ex rel. Montana Citizens for Preservation of Citizens’ Rights v. Waltermire (1987), [227 Mont. 85,] 738 P.2d 1255, 44 St.Rep. 929A) filed a petition to intervene here for the limited purpose of seeking dismissal of the action brought by Relator together with Intervenor’s proposed motion to dismiss, answer and response to the Relator’s complaint, and memorandum in support.
On March 8, 1988, the Relator, Mr. Marbut, filed his brief in response to the application to intervene. In his response, Mr. Marbut contends the proposed Intervenors have proceeded prematurely because the Court has not yet accepted jurisdiction; that Mr. Marbut would not move to join the Intervenors as an interested party in the action because he would not want to impose attorney fees on Intervenors; that if intervention were granted, no costs should be recoverable from Mr. Marbut in case of a decision adverse to him; and that in answer to the Intervenors, he cannot rely on the “good intentions” of Secretary of State Waltermire to place the initiatives on the ballot and therefore must have a writ of mandate from this Court directed to the Secretary of State.
Counsel for the Secretary of State (counsel has now been deputized by the Attorney General to appear for the Secretary of State) also filed a response on March 7, 1988. Counsel contends for the Secretary that there are genuine existing rights and interests involved, *134 that a controversy exists upon which the Court may effectively operate, and that the judicial determination will have the effect of a final judgment of law; that a question of law exists as to whether the provisions of Section 13-35-107, MCA, offend the State Constitution, Article XIV, Section 9; and that the declaratory judgment sought by relator limits his request to guidance in this particular circumstance.
It is clear that no justiciable controversy is presented by the application for a writ of mandate. In paragraph 9 of the Secretary’s answer and response to Mr. Marbut’s petition, the Secretary states that by letter dated February 5, 1988, he advised the election officials in each county in the State of Montana that he intended to submit the constitutional initiatives, CI-27 and CI-30, to the qualified electors at the next regular statewide election to be held on June 7, 1988 for acceptance or rejection. The response of the Attorney General here includes an excerpt from the Great Falls Tribune, Great Falls, Montana, dated February 5, 1988, which carries an Associated Press story that the Secretary of State had ordered a new election for the two ballot measures. An applicant for a writ of mandate must establish a clear legal right to the writ and a violation of duty by the person or persons sought to be coerced. Benson v. School District No. 1 of Silver Bow County (1959), 136 Mont. 77, 344 P.2d 117. The Secretary here is performing the duty for which Mr. Marbut contends. Moreover, a writ of mandate will not lie to correct or undo an action already taken. State ex rel. Thompson v. Babcock (1966), 147 Mont. 46, 409 P.2d 808; Melton v. Oleson (1974), 165 Mont. 424, 530 P.2d 466.
In like matter, there is here no justiciable controversy for a declaratory judgment. In Muskrat v. United States (1911), 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246, the United States Supreme Court had before it a case in which Congress had passed legislation, and had instructed in the legislation that actions be brought before the Court of Claims and before the United States Supreme Court to determine the validity of the legislation. The Supreme Court found no actual controversy before it saying:
“This attempt to obtain a judicial declaration of the validity of the act of Congress is not presented in a ‘case’ or ‘controversy’ to which, under the Constitution of the United States, the judicial power alone extends. It is true the United States is made a defendant in this action, but it has no interest adverse to the claimants. The object is not to assert a property right as against the government, or to demand compensation for alleged wrongs because of action upon its *135 part. The whole purpose of the law is to determine the constitutional validity of this class of legislation in a suit not arising between parties concerning a property right necessarily involved in the decision in question, but in a proceeding against the government in its sovereign capacity, and concerning which the only judgment required is to settle the doubtful character of the legislation in question. Such judgment will not conclude private parties, when actual litigation brings to the court the question of the constitutionality of such legislation . . .”
219 U.S. at 361-362, 31 S.Ct. at 255-256, 55 L.Ed. at 252.
In Montana, the requirement of justiciable controversy likewise applies to declaratory judgment actions:
“It has been held and we approve of the following statement of the principles applicable under the Uniform Declaratory Judgment Act:
“ ‘The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, declare social status, deal with theoretical problems, give advisory opinions, answer moot questions, adjudicate academic matters, provide for contingencies which may hereafter arise, or give abstract opinions. (Citing cases.) The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.’ ” (Citing cases.)
Montana Department of Natural Resources v. Intake Water Company (1976), 171 Mont. 416, 440, 558 P.2d 1110, 1123; See Chovanak v. Matthews (1948), 120 Mont. at 525, 188 P.2d at 584.
The Relator contends that this Court has relaxed the requirement of adverse parties in such cases as Grossman v. State of Montana (Mont. 1984), [209 Mont. 427,] 682 P.2d 1319, 41 St.Rep. 804 and 42nd Legislative Assembly v. Lennon (1971), 156 Mont. 416, 481 P.2d 330. In Grossman, however, we maintained that the issues had to be “vigorously contended” and fully explored. In Lennon, although the legislature directed the filing, of the declaratory judgment through the Attorney General and the Secretary of State, the respondent, the Clerk and Recorder of Cascade County, Montana, vigorously contended both in oral argument and in brief, opposite positions to the Attorney General and the Secretary of State on the legal questions presented. There were no factual disputes.
While many cases support the rights of taxpayers, citizens or electors to have standing to bring actions against public officials for legal determinations of their respective rights, we have found no case granting standing to a complainant or applicant who shows no in *136 jury or threatened injury to himself through the act of a public official.
We hold, therefore, because of a lack of justiciable controversy, this Court has no jurisdiction of the relator’s application and proposed complaint.
The Secretary has now filed a motion that we grant Intervenor’s petition for intervention and that we denominate Intervenor as a party defendant and real party in interest. The motion is not well taken. Its effect would make the Intervenor the respondent as against Mr. Marbut and expose Mr. Marbut to costs in the event of a decision adverse to him. The cause would then be reduced to an argument between Mr. Marbut and the Intervenor as to the validity of the Secretary’s actions. The business of courts is to decide cases, not arguments. 6A Moore’s Federal Practice, p. 57-160 (1984), Declaratory Judgments, Section 57.15.
The lack of controversy is not cured by the appearance of the Intervenor. The Intervenor’s appearance is for the limited purpose of securing a dismissal, and it is inconceivable that where the court has no jurisdiction of the principal cause, the appearance of an intervenor creates jurisdiction. Moreover, Mr. Marbut’s response to the petition for intervention precludes granting the petition for intervention.
We hold that these proceedings must be dismissed and the application for intervention denied. We express no opinion whatsoever in this cause as to the validity of the actions undertaken by the Secretary of State respecting CI-27 and CI-30, nor as to whether the “next regular state-wide election” (Article XIV, Section 9(2), 1972 Montana Constitution is a primary or general election.
IT IS THEREFORE ORDERED:
1. The application for intervention herein is DENIED.
2. Relator’s application for an original proceeding herein is DISMISSED.
3. Copies hereof to Relator and all counsel of record.
DATED this 11th day of March, 1988.
s/J.A. Turnage, Chief Justice
s/John C. Sheehy, Justice
s/John Conway Harrison, Justice
s/William E. Hunt, Sr., Justice
s/R.C. McDonough, Justice