ž

1998 MT 243

BARBARA A. MONACO, in her official capacity as Chief Juvenile

Probation Officer for the Montana Twentieth Judicial District Court,

Petitioner and Respondent,

v.

LAKE COUNTY, a Political Subdivision of the State of Montana,

acting by and through its County Commissioners, BARRY BAKER,

MIKE HUTCHIN, and DAVE STIPE, in their official capacities;

and SANDERS COUNTY, a Political Subdivision of the State of

Montana acting by and through its County Commissioners,

CAROL BROOKER, SHERRIE HOOTEN and STEVE WHEAT,

in their official capacities,

Respondents and Appellants.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

James H. Goetz (argued) and Richard J. Dolan; Goetz, Madden &

Dunn, Bozeman, Montana

For Respondent:

Herman A. Watson III, Anne H. Watson (argued); Watson & Watson,

Bozeman, Montana

David M. McLean; Knight, Dahood, McLean & Everett, Anaconda, Montana

Submitted: July 14, 1998

Decided: October 15, 1998

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Respondents appeal from the Twentieth Judicial District Court's entry of a Writ of Mandamus.**

¶ **We reverse.**

¶ **In determining whether the District Court erred, we restate the issue:**

¶ **Whether the District Court erred in holding that Judge C. B. McNeil had inherent power to override the statutory ceiling on salaries and set a higher salary for Barbara Monaco, the Chief Probation Officer of the Twentieth Judicial District.**

Standard of Review

¶ The standard of review for a district court's findings of fact is whether they are clearly erroneous. Trad Industries, Ltd. v. Brogan (1991), 246 Mont. 439, 447, 805 P.2d 54, 59. The grant of a Writ of Mandate will be "sustained on appeal unless there is a showing the district court abused its discretion." State ex rel. Browman v. Wood (1975), 168 Mont. 341, 348, 543 P.2d 184, 188.

Factual and Procedural Background

¶ In 1986, District Court Judge C. B. McNeil appointed Petitioner, Barbara A. Monaco (Monaco), as a Deputy Juvenile Probation Officer for the Twentieth Judicial District, which includes Lake and Sanders Counties. In 1989, Judge McNeil promoted Monaco to Chief Juvenile Probation Officer. Her starting annual salary was $25,147.20. The County Commissioners for Lake and Sanders Counties (Lake) approved subsequent increases to her salary until she attained a salary of $35,728.51.

¶ In 1996, Judge McNeil entered an order that set Monaco's salary at the rate of $17.88 per hour for the 1996-1997 fiscal year. Judge McNeil then amended his order and set Monaco's salary at $36,721.69. Lake subsequently advised Monaco by memorandum that they had reduced her base salary to $22,000 but that she would receive adjustments for longevity and cost of living. Lake's calculations were based solely on § 41-5-704, MCA (1995). Section 41-5-704, MCA (1995), provides in pertinent part:

> (1) A chief probation officer shall receive for his services a salary specified by the court, depending on the formal training and experience of each respective officer, but such salary may be no lower than $17,000 a year and no higher than $22,000 a year. In addition to such salary, the court shall, on or before July 1 of each year, adjust and fix the salary of the chief probation officer for a cost-of-living increase . . . .

> (2) . . . each chief probation officer with more than 5 years of service is entitled to receive an annual 1% longevity allowance. . . .

Sections 41-5-704(1) and (2), MCA (1995). Monaco filed a petition for a Writ of Mandamus, requesting that the District Court order Lake to comply with its amended

order.

¶ The Honorable Robert S. Keller, District Court Judge Retired, held a hearing and issued Findings of Fact and Conclusions of Law. Relying on this Court's decision in State v. Sullivan, the District Court concluded that a court could compel funding only when there was an emergency or when established methods to provide funding had failed. State v. Sullivan (1913), 48 Mont. 320, 137 P. 392. The District Court concluded that Lake refused to pay Monaco's court ordered salary, that Sanders County had apparently acquiesced in Lake's reduction of Monaco's salary, and that established methods of funding had failed. The District Court ruled that Judge McNeil had inherent authority to issue an *ex parte* order establishing Monaco's salary. The District Court issued a Writ of Mandamus, affirming Judge McNeil's order regarding Monaco's salary.

Discussion

¶ Whether the District Court erred in holding that Judge C. B. McNeil had inherent power to override the statutory ceiling on salaries and set a higher salary for Barbara Monaco, the Chief Probation Officer of the Twentieth Judicial District.

¶ Lake argues in essence that the District Court made clearly erroneous findings in determining, under this Court's decision in *Sullivan*, that Judge McNeil's exercise of inherent power was justified. Lake first contends that because § 41-5-704, MCA (1995), imposed a clear salary range for probation officers, the District Court could only disregard § 41-5-704, MCA (1995), if it had justification for its exercise of inherent power. Lake argues that there was no true financial emergency and that the established methods of funding had not failed. Therefore, Lake contends, Judge McNeil's exercise of inherent power was not justified and the District Court's Writ of Mandamus should be reversed. Lake also argues that by interfering with the Legislature's authority to set salaries, the District Court's exercise of inherent power was inconsistent with the separation of powers provided under Montana's constitution.

¶ Monaco argues that the District Court correctly found that there was a true financial emergency and that established methods of funding had failed. Monaco also argues, as a matter of equity, that because Lake approved her previous salary increases, it waived any objection to Judge McNeil's *ex parte* order establishing her

**salary.**

**¶ This Court considered the doctrine of inherent authority in** *Sullivan*. **In** *Sullivan***, the board of commissioners of Lewis and Clark County (the County) gave notice that it would only pay the salary of the district court's court attendant on days when a jury was in attendance. The court ordered the County to pay the court attendant's claim for a higher salary, finding that his services were necessary for the "proper and expeditious transaction of the business of this court."** *Sullivan***, 48 Mont. at 323, 137 P. at 393. The County refused to pay the court attendant's claim.**

**¶ The Court in** *Sullivan* **concluded that the idea of inherent power implies that "its use is for occasions not provided for by established methods."** *Sullivan***, 48 Mont. at 329, 137 P. at 395. The Court held that when such methods fail:**

> and the court shall determine that by observing them the assistance necessary for the due and effective exercise of its own functions cannot be had, or when an emergency arises which the established methods cannot or do not instantly meet, then and not till then does occasion arise for the exercise of the inherent power.

*Sullivan*, 48 Mont. at 329, 137 P. at 395. The Court in *Sullivan* concluded that both the sheriff and the County had the duty to provide the services that the court attendant had performed, and that the district court had not shown that recourse to the sheriff or the County would fail. *Sullivan*, 48 Mont. at 331, 137 P. at 396. In later decisions, this Court has reaffirmed its holding in *Sullivan*. *See* Butte-Silver Bow Local Govern. v. Olsen (1987), 228 Mont. 77, 743 P.2d 564; Clark v. Dussault (1994), 265 Mont. 479, 878 P.2d 239.

**¶ Under** *Sullivan***, we first consider whether there was a true financial emergency. The District Court found that the Youth Court depended on the effectiveness of its Youth Probation operations, that Montana's juvenile justice system faced a funding crisis, that Youth Probation offices functioned with insufficient staff and facilities, and that Youth Probation offices coped with a surge in the number of juvenile cases.**

**¶ We conclude that the District Court's finding of an emergency was clearly**

erroneous. The District Court made broad findings about the condition of Montana's juvenile justice system, but it made no finding that Lake's reduction of Monaco's salary created a financial emergency that "justif[ied] the imposition of the judge's salary order." *Butte-Silver Bow*, 228 Mont. at 81, 743 P.2d at 566. The District Court did not find that Lake's reduction of Monaco's salary had "stop[ped] or threaten[ed] to stop the efficient and orderly administration of justice and court business." *Butte-Silver Bow*, 228 Mont. at 81, 743 P.2d at 566. Nor did the District Court find that Monaco would leave her position as Chief Probation Officer or that she could not be replaced in the event that Lake refused to comply with Judge McNeil's order.

¶ Under *Sullivan*, we also consider whether the established methods of funding failed. Monaco contends that the only established method of funding was the District Court's budget request. Monaco argues further that when Judge McNeil met several times with Lake regarding her salary, he exhausted established procedures. Lake contends however that the established method of funding was to petition the Legislature to change the salary cap specified in § 41-5-704, MCA (1995), and asserts that the Montana Juvenile Probation Officers Association succeeded in 1997 in having the statute amended to increase salaries for probation officers.

¶ We conclude that the District Court's finding that the established methods for funding failed was clearly erroneous. Monaco did not pursue the established method for funding, which was to petition the Legislature to amend § 41-5-704, MCA (1995). *Compare Butte-Silver Bow*, 228 Mont. at 82, 743 P.2d at 567 (concluding established methods for funding court positions had not failed, because employees had not appealed their reclassification).

¶ We hold that the District Court erred in ruling that Judge McNeil had inherent authority to establish Monaco's salary above the statutory maximum, and we further hold that the District Court abused its discretion in issuing the Writ of Mandamus. Because these holdings are dispositive, we do not consider the other issues raised by the parties.

¶ Reversed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.