IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-324

2000 MT 241A

ORDER

CAMILLE E. SEUBERT,

Petitioner,

v.

RUSSELL M. SEUBERT,

Respondent,

and

MONTANA NINTH JUDICIAL DISTRICT COURT,

Respondent.

On August 31, 2000, we issued an opinion in this case in which we held that §§ 40-5-272 and -273, MCA (1997), to the extent they authorize the Child Support Enforcement Division (CSED) of the State of Montana, Department of Public Health and Human Services, to modify a district court child support order, violate the separation of powers clause of the Montana Constitution.

On September 13, 2000, the CSED, petitioned this Court pursuant to Rule 34, M.R.App.P. for clarification of our decision. Specifically, the Division asked whether the decision applies retroactively or was intended for prospective application only. The Division points out that retroactive application would invalidate all of the child support orders previously entered by CSED whether or not previous objections were filed and even though many were arrived at by agreement of the parties.

Pursuant to Rule 34, rehearing may be granted when, "some fact, material to the decision, or some question decisive of the case submitted by counsel, was overlooked by the court . . . ." We conclude that the issue of retroactive versus perspective application was not previously brought to the attention of the Court and, therefore, was not decided by the Court, but that the issue has statewide significance which merits this Court's consideration.

We have previously held that the following factors should be considered when determining whether a judicial decision should be applied prospectively:

First, the ruling to be applied nonretroactively must establish a new principle of law either by overruling precedent or by deciding an issue of first impression whose first result was not clearly foreshadowed. Next, the new rule must be examined to determine whether retroactive application will further or retard its operation. Third, the equity of retroactive application must be considered. *Riley*, 229 Mont at 521, 748 P.2d at 457.

*Benson v. Heritage Inn, Inc., 1998 MT 330, ¶ 24, 292 Mont. 268, ¶ 24, 971 P.2d 1227, ¶ 24.*

Applying these same factors under similar circumstances the Minnesota Supreme Court in *Holmberg v. Holmberg*, 558 N.W.2d 720 (1999) held that:

In nullifying the administrative child support process, we must turn to the consequences of our ruling. Prospective application of a ruling is justified in very limited circumstances. In determining whether to give our ruling prospective application, we consider whether the decision establishes a new principle of law; whether retroactive application will further or retard the operation of the holding in question; and whether retroactive application could produce substantial inequitable results in individual cases.

Giving our ruling retroactive effect will not protect the principle of separation of powers any more than a prospective ruling. Further, retroactive application will not only swamp the district courts with litigants previously forced to participate in the administrative process, but will also have a negative emotional impact on families whose "final" orders are undone. Such a ruling would be very disruptive without advancing the separation of powers principle. Therefore, our ruling shall be prospective except as to the parties before us who shall have their cases decided in accordance with this opinion.

*Holmberg, 588 N.W.2d at 726, 727.*

We agree with the Minnesota Supreme Court's decision in *Holmberg*. Therefore, the petition of CSED is granted and our prior opinion is clarified to provide that its application is prospective only except as to the parties before us whose case shall be decided in accordance with this opinion.

The Clerk of Court is directed to mail a copy of this order to all parties of record.

DATED this _30th_ day of November, 2000.


_____

Chief Justice


_____




_____




_____




_____

_____

_____

Justices