ORIGINAL

FILED

08/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0372

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0372

_____

JENNIFER L. TRIPLETT,

      Petitioner,

v.

CASCADE COUNTY CLERK
OF DISTRICT COURT,

      Respondent.

FILED

AUG - 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Through counsel, Jennifer Triplett seeks a writ of mandamus directing the Cascade County Clerk of District Court to reinstate in the records of the Eighth Judicial District the case information for that Court's Cause No. BDC-10-100(a), *State of Montana v. Wesley James Capps*. The victim of Capps's adjudicated felony negligent vehicular assault, Triplett alleges that the District Court unlawfully ordered expungement of the conviction and records in the case, despite the fact that it was a felony conviction not eligible for expungement under Montana law. Triplett points out that the 2011 Judgment, a copy of which is included with her Petition, ordered Capps to pay restitution in the amount of $35,588.00, directing him to make monthly restitution payments until paid in full, "even after incarceration or supervision has ended." Triplett claims that Capps has not paid his restitution obligation and that she no longer has the ability to seek its enforcement. Triplett argues that the Clerk of Court has a clear legal duty to maintain the records of the court and that she has no speedy and adequate remedy in the ordinary course of law to secure reinstatement of the judgment against Capps. At our request, the Clerk of District Court has responded through the Cascade County Attorney. Wesley James Capps also intervened with leave of Court and has filed a response.

The Cascade County District Court entered its order to expunge Capps's felony conviction on March 27, 2018. The Clerk maintains that in accordance with her purely ministerial duty under § 3-5-501, MCA, she complied with the court's directive and destroyed the entire file. She represents that the records Triplett seeks to have restored in Capps's underlying criminal case were destroyed and no longer exist. She thus would have no ability to reinstate the records even if this Court ordered her to do so, unless the case file is provided to her for restoration.[1]

Capps agrees with the Clerk that mandamus is not an available remedy here and adds that he paid nearly $5,200 during his seven years of probation, which would have been sufficient to cover the amount of restitution ordered directly to Triplett.[2] He argues that Triplett did not pursue her available legal remedies, asserting that § 46-18-249, MCA, allows a victim to convert a restitution order into a civil judgment enforceable against the defendant. Restitution was ordered in 2011, giving Triplett approximately seven years to obtain a civil judgment for any remaining obligation before Capps's case was expunged. Capps notes that Triplett first sought relief regarding the restitution in this Court in 2024, thirteen years after restitution originally was ordered. He argues further that, though a victim of his crime, Triplett was not a party to the criminal case and lacks standing to intervene in its administration.

A writ of mandate is available in narrow circumstances where the petitioner demonstrates that she is entitled to performance of a clear legal duty by the party against whom the writ is sought and there is no speedy and adequate remedy in the ordinary course of law. *Yellowstone Disposal, LLC v. State*, 2022 MT 26, ¶ 14, 407 Mont. 316, 503 P.3d 1097. "An applicant for a writ of mandate must establish a clear legal right to the writ *and* a

---

[1] The response does not indicate whether the Cascade County Attorney retained a copy of the case file once it was ordered to be expunged.

[2] Triplett maintains that she received only about $300 in restitution payments and was forced to file bankruptcy to pay her medical bills that were not covered by insurance. Capps responds that Triplett was entitled to statutory priority for the payments he made, before disbursement to any other individual or entity, and whether the Department of Corrections properly disbursed his payments is beyond his control. *See* § 46-18-251(3)(a), MCA.

2

violation of duty by the person or persons sought to be coerced." *Marbut v. Secretary of State*, 231 Mont. 131, 134, 752 P.2d 148, 149 (1988) (citation omitted). "Moreover, a writ of mandate will not lie to correct or undo an action already taken." *Marbut*, 231 Mont. at 134, 752 P.2d at 149 (citations omitted).

In *Yellowstone Disposal, LLC*, we affirmed a district court's refusal to issue a writ of mandate even though DEQ "plainly missed" its statutory deadlines for completing review of Yellowstone Disposal's license application; by the time Yellowstone Disposal filed its petition for mandamus, the county had changed its zoning regulations such that the siting of Yellowstone Disposal's proposed landfill was no longer valid. For a court to issue a writ of mandamus—even if the agency failed to comply with its statutory duties—"the agency must still be able to legally take the action requested." *Yellowstone Disposal, LLC*, ¶ 26. The zoning action that took place after the expiration of DEQ's deadline and before issuance of the requested license "rendered DEQ legally unable to do so." *Yellowstone Disposal, LLC*, ¶ 26.

Triplett maintains that, despite the authority conferred by the drug treatment court statutes (§ 46-1-1104(5), MCA (2018)), the District Court had no legal authority to expunge a felony conviction, particularly when it provided an ongoing restitution obligation.[3] We do not entertain the merits of her legal argument, however, because even if correct, the expungement has occurred and cannot at this point be undone. *See Marbut*, 231 Mont. at 134, 752 P.2d at 149. The law provides an adequate remedy under law for a victim to collect an order of restitution "at any time, including after state supervision of the offender ends, using any method allowed by law, including execution upon a judgment, for the collection of a civil judgment." Section 46-18-249, MCA. Whether such a remedy remains available to

---

[3] Under the 2017 statutes in effect at the time the court entered the expungement order, § 46-1-1104(5), MCA, allowed the treatment court judge to dispose of the offender's case "in the manner prescribed by the agreement and by the applicable policies and procedures adopted by the drug treatment court. This may include but is not limited to pretrial diversion . . ., dismissal of criminal charges, probation, deferred sentencing, suspended sentencing, or a reduced period of incarceration." Under current statute, § 46-1-1104(5)(d), MCA, expressly allows "record expungement of the underlying case" as an incentive for completing drug treatment court.

Triplett now is beyond the scope of the current proceeding, but its allowance under the law further defeats her entitlement to a writ of mandate.

IT IS THEREFORE ORDERED that the Petition for Writ of Mandate is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to counsel for the Petitioner, to the Cascade County Attorney, and to all counsel of record.

DATED this 6th day of August, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

4